# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SALES MORALES,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-02921-JLT-EPG-HC<br>ORDER GRANTING PETITIONER'S MOTION TO ACCEPT LATE FILING<br>(ECF No. 14)<br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges his prolonged immigration detention absent a bond hearing. (ECF No. 1.)

Petitioner has moved for the Court to accept a late filing and filed a reply to Respondents' response to the petition. (ECF Nos. 14, 15.) In the response, Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1226(c)(1)(A) because his conviction for violating California Penal Code section 273a(a) with an enhancement for inflicting great bodily injury on another person in violation of California Penal Code section 12022.7(a) is properly a crime involving moral turpitude. (ECF No. 10 at 2.) In the reply, Petitioner argues that his "prior convictions did not actually trigger 1226(c), and ICE did not take custody 'when the alien is released' as the statute requires." (ECF No. 15 at 27.)

\\\

Courts have held that noncitizens convicted of offenses covered by 8 U.S.C. § 1182(a)(2) who were not detained by U.S. Immigration and Customs Enforcement ("ICE") upon completion of their criminal sentences but instead were released from correctional facilities and successfully reintegrated into their communities for several years before being detained pursuant to § 1226(c) possess a protected liberty interest. In such cases, the noncitizens were entitled to a bond hearing where the government bore the burden of showing a material change in circumstances justified the noncitizen's detention. See, e.g., Kakkar v. Chestnut, No. 1:25-CV-1627 JLT SAB, 2025 WL 3638298 (E.D. Cal. Dec. 15, 2025); Carballo v. Andrews, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025); Pham v. Becerra, No. 23-CV-01288-CRB, 2023 WL 2744397 (N.D. Cal. Mar. 31, 2023); Perera v. Jennings, No. 21-CV-04136-BLF, 2021 WL 2400981 (N.D. Cal. June 11, 2021).

Additionally, "[t]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision" and "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." S.G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026) (internal quotation marks and citation omitted).

The Court finds that supplemental briefing addressing the arguments raised in Petitioner's reply, the issues set forth above, and whether this matter is distinguishable from the cases cited *supra* would assist the Court.

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion to accept late filing (ECF No. 14) is GRANTED;
2. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE a supplemental brief addressing the issues set forth above, a copy of Petitioner's notice to appear, and any other documents necessary for the resolution of the issues; and

\\\

\\\

3. Within fourteen (14) days of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **September 28, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE