# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SALES MORALES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-02921-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE FORMAL NOTICE, HEARING, AND BOND HEARING<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering Respondents to provide Petitioner with formal notice of the circumstances which provide the basis of his detention, a hearing before an immigration judge to determine whether such circumstances warrant detention pursuant to 8 U.S.C. § 1226(c), and an individualized bond hearing before an immigration judge at which the government must justify Petitioner's continued detention by clear and convincing evidence.

## I.

## BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States in 2017 at an unknown location without being inspected, admitted, or paroled by an immigration official. (ECF No. 10-1

at 2.[1]) On September 19, 2019, Petitioner was convicted of vehicle manslaughter, child cruelty causing injury/death with a great bodily injury enhancement, and reckless driving with injury, and sentenced to two years in prison. On December 28, 2023, Petitioner was convicted of driving under the influence and sentenced to ninety-six days in jail. (ECF No. 10-1 at 3.) On March 17, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") after a vehicle stop. (ECF No. 1 at 6; ECF No. 10-1 at 2.)

On April 17, 2026, Petitioner filed a petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1 at 8–19.) The Court construed the petition as also raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention. (ECF No. 7 at 1.) On April 29, 2026, Respondents filed a response. (ECF No. 10.) On May 26, 2026, Petitioner filed a reply. (ECF No. 15.) On October 13, 2026, Respondents filed a supplemental brief. (ECF No. 17.)

## II.

## DISCUSSION

### A. Applicability of 8 U.S.C. § 1226(c)(1)(A)

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). 8 U.S.C. § 1226(a) "is the default detention statute for noncitizens in removal proceedings." Avilez, 69 F.4th at 529. Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." Id. Here, Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(A), which provides in pertinent part that the "Attorney General shall take into custody any alien who . . . is

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.]" 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2), in turn, enumerates various categories of offenses, including, as pertinent here, "a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime[.]" 8 U.S.C. § 1182(a)(2)(A)(i)(I). Section 1226(c) "specif[ies] that the Attorney General 'may release' one of those aliens '*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (emphasis in original).

The Court finds S.G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-CV-03322-TLN-JDP, 2026 WL 2475525 (E.D. Cal. Aug. 24, 2026), instructive:

> "[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026). Indeed, this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2). *See id.*; *Miao v. Chestnut,* No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026); *Lopez v. Warden, California City Det. Facility*, No. 1:26-CV-4852-DC-JDP, 2026 WL 2280944, at *3 (E.D. Cal. Aug. 7, 2026).
>
> The Board of Immigration Appeals has ruled similarly, and further explains that, although the government may later cure the failure to charge the basis for mandatory detention, it must be rectified with proper notice and an opportunity to challenge detention:
>
> > Where the ground for removal subjects [a noncitizen] to mandatory detention, the charging document serves as notice to the [noncitizen] of the circumstances relied on by the [Department of Homeland Security] to detain him. However, where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing.
>
> *Matter of Kotliar*, 24 I&N Dec. 124 (BIA 2007).

> A Notice to Appear is the typical charging document in immigration proceedings. 8 C.F.R. § 1003.13; *see also* 8 U.S.C. § 1229(a)(1) (the Notice to Appear must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law.").
>
> Taken together, where the government has failed to charge or notify a detainee of an offense covered by § 1182(a)(2), § 1226(c)(1)(A) does not govern their detention.

S.G., 2026 WL 2475525, at *2.

Respondents assert that Petitioner's "conviction for Cal. Penal Code § 273a(a) with a § 12022.7(a) enhancement places him within § 1226(c)(1)(A) because it renders him inadmissible under § 1182(a)(2)(A)(i)(I)." (ECF No. 17 at 2.) Respondents argue that "[t]his conclusion does not turn on whether the Department of Homeland Security (DHS) has lodged an explicit § 1182(a)(2) charge in the Notice to Appear[.]" (Id.) Although the Court ordered Respondents to file a copy of Petitioner's notice to appear ("NTA"), (ECF No. 16 at 2), Respondents failed to comply with the order and have not filed a copy of Petitioner's NTA. However, given Respondents' position that Petitioner is subject to mandatory detention under § 1226(c)(1)(A) and such "conclusion does not turn on whether the Department of Homeland Security (DHS) has lodged an explicit § 1182(a)(2) charge in the Notice to Appear," (ECF No. 17 at 2), the Court assumes, without deciding, that Petitioner's NTA does not include an explicit § 1182(a)(2) charge.

Even if Respondents are not required to lodge an explicit § 1182(a)(2) charge in the NTA, the Board of Immigration Appeals has stated that "where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." Matter of Kotliar, 24 I&N Dec. 124, 127 (BIA 2007). There is nothing in the record before this Court that Respondents notified Petitioner of the basis for his mandatory detention under § 1226(c)(1)(A). This "raise[s] serious due process concerns." S.G., 2026 WL 2475525, at *3. Accordingly, the undersigned recommends finding that Petitioner is entitled to habeas relief on this ground.

**B. Appropriate Remedy**

Judges in this district have taken differing approaches to the relief granted to petitioners who have been subjected to mandatory detention under § 1226(c)(1)(A) and where the government failed to charge the petitioner with any offense covered by § 1182(a)(2). In some cases, the immediate release of the petitioner has been ordered. See, e.g., S.G., 2026 WL 2475525; Miao v. Chestnut, No. 1:26-cv-01271-KES-SKO (HC), 2026 WL 947020 (E.D. Cal. Apr. 8, 2026). In other cases, bond hearings have been ordered rather than immediate release. See, e.g., C.Q. v. Warden of Golden State Annex Det. Center, No. 1:26-cv-4317-MWJS, 2026 WL 1999922 (E.D. Cal. July 10, 2026); Lara Rosas v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3784-DJC-JDP, 2026 WL 2373980 (E.D. Cal. Aug. 14, 2026).

In Lopez Arevalo v. Warden, No. 1:26-cv-04853-DAD-CKD, 2026 WL 2517498 (E.D. Cal. Aug. 26, 2026), the magistrate judge recommended that the petitioner be provided "[f]ormal notice of the circumstances which provide the basis of his detention" and a "hearing before an immigration judge to determine whether such circumstances warrant detention pursuant to 8 U.S.C. § 1226(c)." Id. at *5. The magistrate judge further recommended that "[s]hould an immigration judge determine that Petitioner is not properly subject to § 1226(c) detention, Petitioner must, within seven (7) of any such determination, be provided a hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered." Id.

The Court will adopt a modified version of the remedy articulated in Lopez Arevalo. Given that Petitioner has been subjected to prolonged mandatory detention under § 1226(c) for approximately eight months, regardless of whether the immigration judge determines that Petitioner is or is not properly subject to § 1226(c) detention, the undersigned recommends that Petitioner be provided with a bond hearing at which "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond[.]" Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011). See Diouf v. Napolitano, 634 F.3d 1081, 1092 n.13 (9th Cir. 2011) ("As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally

beyond six months."); Imancot v. Warden of the Mesa Verde Det. Ctr., No. 1:26-cv-01419-JLT-SAB-HC, 2026 WL 1099050 (E.D. Cal. Apr. 23, 2026) (petitioner subjected to mandatory detention for almost nine months entitled to bond hearing where government must prove by clear and convincing evidence that he is a flight risk or a danger to justify denial of bond.), report and recommendation adopted, 2026 WL 1374066 (E.D. Cal. May 15, 2026).

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED.
2. Petitioner be provided the following:
    a. Formal notice of the circumstances which provide the basis of his detention; and
    b. A hearing before an immigration judge to determine whether such circumstances warrant detention pursuant to 8 U.S.C. § 1226(c).
3. Within fourteen (14) days of the immigration judge's determination regarding whether Petitioner is properly subject to § 1226(c) detention, unless Petitioner consents to a later date, Petitioner must be provided with an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond[.]" Id. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file

written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 11, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE